UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN VESSELS,

    Plaintiff,

v.

EDISON POLICE DEPARTMENT, et al.,

    Defendants.

Civ. No. 15-2211 (KM) (JBC)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Brian Vessels, is a pretrial detainee proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed in part.

## II.    BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion.[1] Mr. Vessels names as defendants (1) Edison Police Department; (2) Middlesex County Prosecutor's Office; (3) Middlesex County Correction Center; (4) Joseph Perrotte – Officer Edison Police Department; (5) Frank Todd – Officer Edison Police Department; (6) Andrew Chupela – Officer Edison Police Department; (7) Howard Askelson – Officer Edison Police

---

[1] Mr. Vessels' filing is a hodgepodge of papers that lists various defendants, attaches several exhibits, and includes factual allegations. While the complaint is jumbled, this Court construes the complaint in its entirety, including, most importantly, the various areas in the complaint that do state specific factual allegations.

Department; (8) Donald Ship – Officer Edison Police Department; (9) Salvatore Filannino – Officer Edison Police Department; (10) Thomas Marino – Officer Edison Police Department; (11) Alan Houck – Detective Edison Police Department; (12) Jennifer Aldahondo – Case Officer Edison Police Department (13) William Colletto – Officer Edison Police Department; (14) Timothy Lombordo – Officer Edison Police Department; (15) Frank Varga – Detective Edison Police Department; (16) Michael Carter – Officer Edison Police Department; (17) Rajesh Chopra – Supervisor Middlesex County Prosecutor's Office; (18) George Stillwell – Investigator/Reporting Officer Middlesex County Prosecutor's Office; (19) Connelly – Investigator Middlesex County Prosecutor's Office; (20) Gzemski – Investigator Middlesex County Prosecutor's Office; (21) Feneis – Investigator Middlesex County Prosecutor's Office; (22) Mark Cranston – Warden Middlesex County Adult Correction Center.

Mr. Vessels' allegations center on a search and subsequent arrest that took place at his residence in Edison, New Jersey on June 20, 2014. Mr. Vessels states that Varga, along with three other officers entered without permission and began to search the residence as well as Mr. Vessels' person without his consent. The officers eventually detained Mr. Vessels who was trying to contact his mother in law at the time. Mr. Vessels was placed in handcuffs. Mr. Vessels' sister asked for a warrant, but was not given a response by the officers. When Varga was asked about a warrant, he stated, "No . . . and we don't need a warrant [using a racial slur]. And if you bring it up in court I'll just say you invited us in." (Dkt. No. 1-2 at p.46) Mr. Vessels was then placed into an officer's car despite not knowing what he was being arrested for.

The complaint identifies Varga as one of the officers who conducted the search and subsequent arrest. The complaint alleges that three other officers, Connelly, Gzemski, and Feneis violated Vessels' rights under the United States and New Jersey Constitutions by entering his

home without identifying themselves or producing a warrant when asked. (*See* Dkt. No. 1 at pp. 9, 11) Construed liberally, then, the complaint names those three as additional officers involved in the allegedly unlawful search and arrest.

The allegations are more vague and conclusory as to the other named defendants. Defendants Stillwell, Chopra, Aldahondo, Houck, Askelson, Marino, Cater, Colletto, Perrote, Todd, Chupela, Filannino, Ship, and Lombardo allegedly "corrupted reports," or were "involved in case and reports that are corrupted." Chopra allegedly did not thoroughly go over reports to ensure that they were accurate.

Finally, Mr. Vessels alleges that defendant Cranston, as Warden, has allowed correctional officers to endanger his life by not allowing him to get breathing treatment for his asthma. Furthermore, Mr. Vessels states, Cranston allows officers to beat on inmates. (*See* Dkt. No. 1 at p.14)

Mr. Vessels seeks monetary and injunctive relief.

### III.   LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

A. <u>Unlawful Search</u>

I construe the complaint as asserting an unlawful search claim under § 1983 against defendants Varga, Connelly, Gzemski, and Feneis. Mr. Vessels asserts that these defendants entered and searched his home without a warrant. At this early stage, I cannot say that a claim has not been stated. *See, e.g., Kubicki v. Whitemarsh Twp.*, 270 F. App'x 127, 128 (3d Cir. 2008) (warrantless home entry presumptively unconstitutional but noting that exigent circumstances can excuse the warrant requirement).[2] I will permit this claim to move forward against these four defendants, but only insofar as it seeks money damages.

---

[2]  *Heck v. Humphrey*, 512 U.S. 477 (1994), may limit but does not necessarily bar such a claim. In *Heck*, the United States Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

As indicated above, Mr. Vessels also seeks injunctive relief in his complaint, in the form of an order that all criminal charges against him be dropped. (*See* Dkt. No. 1-2 at p.53) Thus, it appears as if Mr. Vessels seeks to have this Court intervene in his state criminal proceedings. "Absent extraordinary circumstances, where the danger of irreparable loss is both great and immediate, injunctive relief is not available." *Tinsley v. Adams*, 248 F. App'x 309, 311 (3d Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 45–46 (1971)). Mr. Vessels fails to allege that such extraordinary circumstances are present here. He may assert his defenses, whatever they are, in the criminal proceeding. Insofar as the unlawful search claim seeks injunctive, as opposed to monetary, relief, it will be dismissed with prejudice.

B. <u>Unlawful Arrest/False Imprisonment</u>

I also construe the complaint as asserting a § 1983 unlawful arrest/false imprisonment claim against defendants Varga, Connelly, Gzemski, and Feneis.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)).

---

> been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486–87 (footnote omitted). However, "'[v]ictims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.'" *Hector v. Watt*, 235 F.3d 154, 157 (3d Cir. 2000), *as amended* (Jan. 26, 2001) (quoting *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999)). It is on this basis, based on the allegations of the complaint that Mr. Vessels' unlawful search claims against these four defendants shall be permitted to proceed.

"'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted). Immunity is generally extended to "an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." *Adams v. Officer Eric Selhorst*, 449 Fed.Appx. 198, 202 (3d Cir. 2011) (citing *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000)). However, "an apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances." *Id.* (citing *Berg*, 219 F.3d at 273). A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir.2011) (per curiam) (citing *Groman*, 47 F.3d at 636). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office*, No. 11–3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (citing *Groman*, 47 F.3d at 636).

This Court will not permit Mr. Vessels' unlawful arrest claim to proceed at this time. The complaint merely states in conclusory fashion that the charges against Mr. Vessels are false. Under *Iqbal* standards, that is not a sufficient, fact-based allegation that probable cause to arrest

7

Mr. Vessel was lacking. The false imprisonment claim, which is dependent on the false arrest claim, is defective for the same reason. This dismissal is without prejudice.

### C. Racial Comments During Search and Arrest

Mr. Vessels also appears to be attempting to raise a claim against Varga for using racially insulting language during the course of the search and arrest. Such language, of course, cannot be condoned, and it may be evidence of, or part of, a larger claim that the police acted in a racially discriminatory manner. However, allegations of threats or insults, without additional injury, fail to state a claim under Section 1983 upon which relief may be granted. *See Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.*, 547 F. App'x 96, 97 (3d Cir. 2013) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)); *see also Mugavero v. Town of Kearny*, No. 12–2439, 2013 WL 3930120, at *3 (D.N.J. July 30, 2013) ("[R]acially discriminatory statements, racial slurs, and racial epithets, on their own, fail to establish liability under section 1983.") (citations omitted).

To the extent that Mr. Vessels is asserting a claim based on Varga's use of racial epithets, that claim is dismissed with prejudice.

### D. Cell Phone

Mr. Vessels also appears to complain about the loss of his cell phone. This allegation does not state an independent constitutional claim.

> An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982), the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the

> deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action.

*Stokes v. Lanigan*, No. 12–1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012). New Jersey provides a post-deprivation remedy for unauthorized deprivation of property by public employees through the New Jersey Tort Claims Act, N.J. STAT. ANN. § 59:1–1, *et seq*. Because a meaningful post-deprivation remedy is available, Mr. Vessels fails to state a due process claim with respect to the purported taking of his cell phone.

The claim based on deprivation of Vessels' cell phone is dismissed with prejudice.

### E. Claims Against Stillwell, Chopra, Aldahondo, Houck, Askelson, Marino, Carter, Colletto, Perrotte, Todd, Chupela, Filannino, Ship, and Lombardo

Mr. Vessels also names as defendants Stillwell, Chopra, Aldahondo, Houck, Askelson, Marino, Carter, Colletto, Perrotte, Todd, Chupela, Filannino, Ship, and Lombardo. Mr. Vessels claims that these defendants were involved in his case and that they "corrupted" reports. Such conclusory and vague allegations fail to state a claim with any facial plausibility. Therefore, the claims against these defendants will be dismissed for failure to state a claim that satisfies the *Iqbal* standard. This dismissal is without prejudice.

### F. Edison Police Department

Mr. Vessels names the Edison Police Department as a defendant. Parenthetically, the proper defendant would be the Township of Edison. The police department is just a department of Township government, not an entity that can sue or be sued in its own right. *See See* N.J. Stat. Ann. § 40A: 14–118 (municipal police department is "an executive and enforcement function of municipal government"); *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 181 (3d Cir. 2013) (Township of Irvington's police department is "a municipal police department is not an entity separate from the municipality"); *Padilla v. Twp. of Cherry Hill*, 110 F. Appx. 272, 278 (3d

Cir.2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *Rivera v. Zwiegle*, No. CIV 13-3024 KM MAR, 2014 WL 6991954, at *3 (D.N.J. Dec. 9, 2014) (same, Township of Byram).

I therefore consider the defendant to be the Township of Edison, rather than its police department. In a Section 1983 action, however, a municipality cannot be held vicariously liable for the acts of its officers via *respondeat superior*. See *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, the complaint fails to make any allegations of an unconstitutional policy or custom that would create municipal liability under *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658 (1978). See *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability); *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for *Monell* claim, complaint 'must identify a custom or policy, and specify what exactly that custom or policy was'); *Karmo v. Borough of Darby*, No. 14-2797, 2014 WL 4763831, at *6 (E.D. Pa. Sept. 25, 2014) (same).

Accordingly, Mr. Vessels' claims against the Township of Edison (or the Edison Police Department) are dismissed without prejudice.

G. Middlesex County Prosecutor's Office

Mr. Vessels also names the Middlesex County Prosecutor's Office as a defendant. Here, too, Mr. Vessels fails to allege any unconstitutional policy or custom that would make the County Prosecutor liable under *Monell*. See *Rode*, 845 F.2d at 1207. More importantly, when a New Jersey County Prosecutors exercise classic law enforcement and investigative functions, they act as an officers of the State. Functioning as such, they are immune under the Eleventh

Amendment and are not "persons" who may be liable under § 1983. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 855 (3d Cir. 2014) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)).

All claims against the County Prosecutor are therefore dismissed with prejudice.

### H. Middlesex County Adult Correction Center

Mr. Vessels also names the Middlesex County Adult Correction Center as a defendant. However, the Correction Center is not a "person" subject to liability under § 1983. *See Owens v. Armstrong*, 171 F. Supp. 3d 316, 337 (D.N.J. 2016) (citing *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989)). Mr. Vessels' claims against the Middlesex County Adult Correction Center are therefore dismissed with prejudice.

### I. Michael Cranston

Finally, Mr. Vessels names Michael Cranston, Warden of the Middlesex County Adult Correction Center, as a defendant. He claims that Cranston is violating his constitutional rights by permitting correctional officers to deny him breathing treatment for his asthma. Furthermore, he claims that Cranston is liable because he allows correctional officers to beat on inmates.[3]

#### i. Breathing Treatment

I first consider the alleged deprivation of breathing treatment for asthma. This claim is analyzed under the Fourteenth Amendment, as Mr. Vessels states in the complaint that he is a pretrial detainee. *See Tapp v. Brazill*, 645 F. App'x 141, 145 n.4 (3d Cir. 2016). Nevertheless, the Eighth Amendment's "deliberate indifference" standard provides a guide to what is due pretrial detainees. *See id.* (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003)).

---

[3]  Ordinarily, such conditions-of-confinement claims would not be properly joined with the unlawful search claims. Because the complaint fails to state a claim, I will conserve resources by not reaching the joinder issue unless and until it becomes necessary.

11

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.' " *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

Mr. Vessels fails to state a claim of deliberate indifference to his serious medical needs. He states that Cranston, as warden, "allowed correctional officers to risk [his] life by not allowing [Mr. Vessels] to get a breathing treatment." (Dkt. No. 1 at p.14) However, Mr. Vessels

12

does not allege what this breathing treatment was or why it was necessary to satisfy any serious medical need he had. Furthermore, Mr. Vessels fails to allege the personal involvement of Cranston in this purported denial. "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). The complaint contains no allegation that Cranston directed the officers' activities or was actually aware of Mr. Vessels' need for a particular type of reatment. Therefore, this claim will be dismissed without prejudice.

  ii.   Failure to Protect

Mr. Vessels asserts a claim that Warden Cranston failed to protect inmates from beatings by guards, or even condoned such beatings.

To state a claim against a prison official for failure to protect, "the inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "Deliberate indifference" is a subjective standard whereby "'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Id.* (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120,125 (3d Cir. 2001)). As noted by the Third Circuit:

> It is not sufficient that the official should have known of the risk. [*Beers Capitol*, 256 F.3d at] 133. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842. In other words, "a factfinder may

> conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

*Bistrian*, 696 F.3d at 367.

The complaint does not allege with any factually plausibility and specificity that Mr. Vessels was incarcerated under conditions posing a substantial risk of serious harm to him or that Cranston was deliberately indifferent to that risk. More fundamentally, Mr. Vessels does not state that *he* was harmed in any way; he alleges only that Cranston allowed officers to beat on "inmates."

The Court therefore dismisses this failure-to-protect claim against Cranston without prejudice.

## V. CONCLUSION

For the foregoing reasons, only Mr. Vessels' unlawful search claim against defendants Varga, Connelly, Gzemski, and Feneis, insofar as it seeks monetary relief, will be permitted to proceed past screening. An appropriate order consistent with this Opinion will be entered.

DATED: February 6, 2017

KEVIN MCNULTY
United States District Judge