UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN VESSELS, | : |
| Plaintiff, | : Civ. No. 15-2211 (KM) (JBC) |
| v. | : |
| EDISON POLICE DEPARTMENT, et al., | : **MEMORANDUM AND ORDER** |
| Defendants. | : |

Plaintiff, Brian Vessels, is pursuing a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court screened the complaint and permitted Mr. Vessels' unlawful search claim to proceed against four defendants. Presently pending before this Court are Mr. Vessels' applications for the appointment of pro bono counsel. (*See* Dkt. Nos. 5 & 6)

Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). At a minimum, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Once that threshold of merit is crossed, a court determining whether to appoint counsel will considers the following: (1) the plaintiffs ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the *Tabron* factors). Appointment of counsel is discretionary, and may be done at any point during the litigation, either *sua sponte* or upon motion. *See id.* at 156.

The only claim that has made it past screening is Mr. Vessels' claim four, based on the defendants' allegedly unlawful search at his residence. At this early stage of the case, this type of claim does not seem overly complex. Upon considering the factors outlined above, Mr. Vessels has failed to show that the appointment of counsel is warranted at this time. Therefore, this Court will deny Mr. Vessels' applications for the appointment of counsel without prejudice.

Accordingly, IT IS this 8th day of February, 2017,

ORDERED that plaintiff's applications for the appointment of pro bono counsel (Dkt. Nos. 5 & 6) are denied without prejudice; and it is further

ORDERED that the Clerk shall serve this Order on plaintiff by regular U.S. mail.

KEVIN MCNULTY
United States District Judge